UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
JAN 1 2 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

———————————————————

STEVE SATAR JABAR,

     Plaintiff,

  v.                          17-CV-301

U.S. DEPARTMENT OF JUSTICE,

     Defendant.

———————————————————

## DECISION AND ORDER

Plaintiff Steve Satar Jabar commenced this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on April 10, 2017. Dkt. 1. His claim is based on a FOIA request he sent to Defendant U.S. Department of Justice ("DOJ") on October 25, 2016, in connection to his criminal case in this Court.[1] Plaintiff alleges the DOJ improperly withheld records when it responded to his FOIA request by releasing 154 pages in full and 632 pages in part, and withholding in full 4,582 pages. The DOJ answered the complaint on May 11, 2017. Dkt. 5. The case was

---

[1] Jabar was convicted of conspiring to commit wire fraud, wire fraud, and making false statements on September 2, 2016. *See* Verdict of the Jury, *U.S. v. Jabar*, No. 9-CR-170 (W.D.N.Y. Sept. 2, 2016), ECF No. 420. He then moved for a judgment of acquittal and for a new trial. United States District Judge Lawrence Vilardo granted the motion for judgment of acquittal as to the conspiracy and wire fraud counts, denied the motion as to the false statement count, and denied the motion for a new trial. The Government appealed, and the Second Circuit, among other things, remanded the case for consideration of the motion for new trial on the wire fraud and conspiracy counts. The case remains pending with Judge Vilardo.

then referred to United States Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 8.

Before the Court is the DOJ's motion for summary judgment.  Dkt. 43.  The DOJ argues that its response to Jabar's FOIA request was both adequate and proper.  In response, Jabar argues that the pages withheld would remedy potential *Brady*[2] violations in his underlying criminal case, and that the DOJ failed to properly segregate and release non-exempt material from the pages withheld in full. Dkt. 48.  In reply, the DOJ argues FOIA is not the proper vehicle to remedy a *Brady* violation.  Dkt. 49.  It further asserts that the Michael G. Seidel Declaration, Dkt. 46, which was filed in support of its motion, establishes that the segregability review was proper.

On November 24, 2021, Judge Foschio issued a Report and Recommendation ("R&R") that recommends granting the DOJ's motion.  Dkt. 50.  Judge Foschio concluded that FOIA is not meant to uphold the constitutional interests protected by *Brady* and agreed that the Seidel Declaration establishes segregability.

Jabar filed an objection to the R&R on December 7, 2021.  Dkt. 51.  He relies on *Price v. United States Attorney Office*, 865 F.3d 676 (D.C. Cir. 2017), and other out-of-circuit cases, to argue that *Brady* violations can be remedied by FOIA.  He also asserts Judge Foschio should have conducted an *in camera* inspection of the withheld records to determine whether there are any segregable portions.  The DOJ responded, Dkt 53, and Jabar filed a reply.  Dkt. 54.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court has conducted a *de novo* review of the relevant record in this case, and studied the R&R, the objection, and the parties' briefs.  Based on that review, the Court accepts and adopts Judge Foschio's recommendation.

## CONCLUSION

For the reasons stated above and in the R&R, the DOJ's motion for summary judgment is GRANTED.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:      January 12, 2022
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

3